67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PAPERPLAINS, INC.; Steve Rose; Paula Sharkey, Plaintiffs-Appellants,
v.
ATLANTIC MUTUAL INSURANCE COMPANY; Centennial Insurance
Company, Defendants-Appellees.
 No. 94-55273.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided Sept. 28, 1995.
 
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paperplains, Inc. and two of its supervisory employees appeal summary judgment in favor of Atlantic Mutual Insurance Co.[1] The district court held that the plaintiffs' claims in the underlying action for sex discrimination, intentional infliction of emotional distress, negligent supervision and loss of consortium arising out of Mrs. Graham's harassment by a Paperplains customer were either willful acts in violation of public policy and therefore excluded from coverage under Cal.Ins.Code Sec. 533, or were negligent acts for which the recovery of damages is barred by the exclusivity of the Workers' Compensation Act. Cal.Lab.Code Sec. 3600(a); see also Cal.Lab.Code Sec. 3601 (exclusive remedy against fellow employees); Cal.Lab.Code Sec. 3602 (exclusive remedy against employer). Accordingly, the court concluded that there was no duty to defend. Because we conclude that Atlantic failed to show there was no possibility of coverage with regard to the FEHA claim, we reverse.
 
 
 3
 * There is no dispute about the facts, or that the duty to defend is broader than the duty to indemnify and is triggered whenever a suit potentially seeks damages within the coverage of a policy. Montrose Chemical Corp. of California v. Superior Court, 6 Cal.4th 287 (1993). The disagreement focuses on the nature of the claim in the underlying action.
 
 
 4
 Paperplains argues that the Graham action presented the potential for coverage because there can be liability for sexual harassment or hostile work environment without "willful" acts. It contends that since Graham's claim was under the California Fair Employment and Housing Act (FEHA), Cal.Gov't.Code Sec. 12940, the insureds could have been held liable under a negligence or strict liability theory. See, e.g., Republic Indemnity Co. v. Superior Court, 224 Cal.App.3d 492 (1990). Although Paperplains recognizes that FEHA does not address harassment by a non-employee third party, it points out that federal regulations under Title VII do--and that they set forth a negligence-based standard. As California courts traditionally rely upon Title VII decisions as aids in interpreting the FEHA, Paperplains concludes, an employer's liability for harassment by a non-employee should be judged by the same negligence-based standard applied to harassment by a non-supervisory employee.[2] Finally, Paperplains contends that the exclusion for damages payable under workers' compensation did not negate Atlantic's duty to defend, because sexual discrimination violates fundamental public policy and therefore falls outside the compensation bargain. See Gantt v. Sentry Ins., 1 Cal.4th 1083 (1992).
 
 
 5
 Atlantic contends that since J.C. Penney Ins. Co. v. M.K., 52 Cal.3d 1009, cert. denied, 502 U.S. 902 (1991), the emphasis in analyzing Sec. 533 "is on the wrongfulness of the act committed by the insured, not on the insured's subjective expectation of injury." Aetna Cas. & Sur. Co. v. Sheft, 989 F.2d 1105, 1107 (9th Cir.1993) (citing Fire Ins. Exchange v. Altieri, 235 Cal.App.3d 1352 (1991)). Because California law no longer requires "a showing by the insurer of its insured's 'preconceived design to inflict harm' when the insured seeks coverage for an intentional and wrongful act if the harm is inherent in the act itself," J.C. Penney, 52 Cal.3d at 1025, and sex-based discrimination is inherently harmful, in whatever form and without regard to the subjective intent of the actors, Atlantic argues that it is per se a "willful act" under Sec. 533. Except for the discrimination claim, and even as to it if Paperplains could be held liable under FEHA in the Graham action for discrimination without an actual discriminatory intent, Atlantic contends that all of the claims are barred by the worker's compensation exclusion since they stemmed from events that occurred in the course of Mrs. Graham's employment. Atlantic does not argue that there is no cause of action for discrimination under FEHA in the absence of intentional conduct, but argues that such a claim is necessarily either preempted by workers' compensation or barred from coverage by Sec. 533.
 
 
 6
 While we agree that coverage for intentional discrimination is barred as uninsurable willful misconduct by Sec. 533, see J.C. Penney, 52 Cal.3d 1009, and recognize that any FEHA violation conflicts with the expressed public policy of the state, it is less clear that, to the extent an FEHA violation is based on something other than intent, it always comes within the scope of Sec. 533. See J.C. Penney, 52 Cal.3d at 1020 ("section 533 does not preclude coverage for acts that are negligent or reckless").
 
 
 7
 While FEHA claims are usually outside workers' compensation, see Accardi v. Superior Court, 17 Cal.App.4th 341 (1993) ("A claim for damages under FEHA is not preempted by the Workers' Compensation Act."), we also recognize that some FEHA claims are barred by workers' compensation, see Angell v. Peterson Tractor, Inc., 21 Cal.App.4th 981 (1994). However, Atlantic has failed to convince us that all non-intentional violations of FEHA that fall outside the scope of Sec. 533 are necessarily precluded by workers' compensation. See Republic Indem. Co., 224 Cal.App.3d 492 (1990) (unintentional violation of FEHA through failure to reasonably accommodate not preempted by workers' compensation).
 
 
 8
 As "doubt as to whether the insurer must defend ... should be resolved in the insured's favor," United Pacific Ins. Co. v. McGuire Co., 229 Cal.App.3d 1560, 1567 (1991) (quoting Miller v. Elite Ins. Co., 100 Cal.App.3d 739, 753 (1980)), we conclude that Atlantic has failed to meet its burden of showing that the intersection of workers' compensation and Sec. 533 removes all potential for a covered claim.
 
 II
 
 9
 Atlantic argues in the alternative that we can affirm the district court because the insured failed to demonstrate that Graham's bodily injury resulted from a covered occurrence. We agree with the district court that "the undisputed facts bring the injuries with the scope of the insuring clause." The policy definition of an occurrence includes "continuous or repeated exposure to substantially the same general harmful conditions." Here, resolving any doubt in favor of the insured, the harm potentially arose from the continuous or repeated exposure to Krueger's misconduct, which Paperplains negligently failed to prevent. See State Farm Fire and Cas. Co. v. Elizabeth N., 9 Cal.App.4th 1232 (1992).
 
 
 10
 Because we reverse on the merits, we need not consider whether the district court abused its discretion in denying leave to amend the complaint.
 
 
 11
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appeal against Centennial Insurance Co., Paperplains's workers' compensation carrier, has been mooted by the intervening decision of the California Supreme Court in La Jolla Beach and Tennis Club, Inc. v. Industrial Indemnity Co., 9 Cal.4th 27 (1994)
 
 
 [2]
 Paperplains also notes that the Grahams' case was based in part on allegations that the insureds negligently caused them bodily injury after the last act of sexual harassment on account of Mrs. Graham's six-month performance review and new job assignment